SOUTH SCITUATE SAVINGS BANK *vs.* DONALD ROSS & others.

If land is devised to a person, to have and to hold the same to the sole, separate and exclusive use of a married woman, her heirs and assigns forever, with a provision that she may reside thereon if she chooses during her life, and in case she should leave it then that the trustee may "lease or sell or make such other disposition of the premises, or any part thereof, as she may in writing authorize;" and the land is afterwards conveyed by such trustee to the woman and her husband; a conveyance thereof by her and her husband will vest a valid title in the grantee.

WRIT OF ENTRY to foreclose a mortgage of certain parcels of land in Boston.

At the trial in the superior court, before *Brigham*, J., without a jury, only one parcel was in dispute, concerning which the following facts appeared: Isabella Ross by her will, which was admitted to probate in 1844, devised the same in these words: "I give and devise my house, and the lot of land on which it stands, lying and being on or near Sheafe Street, in Boston, with all the privileges and appurtenances thereto belonging, unto the said Alexander McLennan, my said executor, and his heirs and assigns, to have and to hold the same to the sole, separate and exclusive use of the said Betsey, the said wife of the said Gilbert Mizner, her heirs and assigns forever. And my will is that my sister, the said Betsey, and her said husband, the said Gilbert Mizner, shall and may, if she so choose, continue to reside in the said house and tenement wherein they now reside, for and during her life; and in case she shall think proper to quit the said house at any time after my decease, then my will is that the said McLennan, the said trustee for the purpose aforesaid, or his successor as trustee, have full power to lease or sell or make such other disposition of the premises, or any part thereof as she, the said Betsey, may in writing authorize."

In October 1853 McLennan conveyed the premises to Gilbert Mizner and Betsey, his wife; and on the same day said Gilbert and Betsey, in her right, mortgaged the same to the plaintiffs, to secure a promissory note.

Upon the foregoing facts, default having been made in the

payment of the note secured by the mortgage, judgment was ordered for the plaintiffs; and the defendants alleged exceptions.

*J. P. Timony*, for the defendants. The will creates a trust in McLennan with power to convey on two conditions; 1, That Betsey should think proper to quit the house; and, 2dly, that she should in writing authorize him to convey. These conditions must be strictly construed and precisely performed, in order to give validity to a deed from the trustee. Not having been so performed, the deed was void.

*N. C. Berry*, for the plaintiffs, was not called upon.

BIGELOW, C. J. The right of the demandants to maintain this action is clear. The legal title is vested in them by the conveyances under which they claim. It is immaterial whether the devise in the will of Isabella Ross be regarded as creating a use in the executor which became immediately executed in her sister, Betsey Mizner, and her heirs, or a trust in the executor to hold the estate for the use and benefit of said Betsey as *cestui que trust*. If the former is the true construction, then the conveyance in mortgage to the demandants by said Betsey and her husband vested a valid title in fee and in mortgage in the demandants; if the latter is to be deemed the effect of the devise, it was a trust under which the *jus habendi* and *jus disponendi* were both intended to be in the *cestui que trust*, and the conveyances by the trustee and the *cestui que trust* under which the demandants claim passed a valid legal title to them. Hill on Trustees, 175, 278, 282. Co. Litt. 290 *b*, *note*.

Besides; it is clear that the testatrix intended that the entire beneficial interest in the estate devised should be in her sister. A conveyance in mortgage by the latter by a deed in which her husband joined, preceded by a conveyance by the trustee to her of the legal title, not only passed a legal interest in the demanded premises; *Titcomb* v. *Currier*, 4 Cush. 591; but seems to have been in conformity with the trust, if any, which the testatrix declared by her will. *Exceptions overruled.*